**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Casualty Company, | No. CV-19-04854-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Burns & Wilcox Limited, et al., | |
| Defendants. | |

Pending before the Court is the parties' stipulation to file under seal the declaration of Chelsea Davis in support of Defendants' motions to dismiss (Doc. 38). The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A motion for full or partial summary judgment is clearly such a motion.

The Court finds that the parties have demonstrated compelling reasons to seal this declaration. Specifically, the Court is satisfied that the data concerning the premiums and commissions associated with policies that were sold pursuant to the Agency Agreement at issue in this case is not generally known and its public disclosure could harm the parties, and that this justifies sealing. Moreover, the declaration is short and responds directly to the declaration of Karen Eckrote (Doc. 37), which was sealed for the same reasons. (Doc. 36.)

Accordingly,

**IT IS ORDERED** that the parties' stipulation to file under seal the declaration of Chelsea Davis in support of in support of Defendants' motions to dismiss (Doc. 38) is **granted**. The Clerk of Court shall file under seal the Eckrote Declaration lodged at Doc. 40.

Dated this 21st day of January, 2020.

_____
Dominic W. Lanza
United States District Judge